UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS D BRASUELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M ASHLEY, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-05201-TLT<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP") who claims to have possessed a "former status of the ADA[1] of 1990 access to the courts that was arbitrarily revoked," *see* Dkt. No. 17 at 2, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges a violation of his constitutional rights by SVSP prison officials. The Court has previously reviewed plaintiff's original, first amended, and second amended complaints pursuant to 28 U.S.C. § 1915A and dismissed them with leave to amend with various instructions to correct certain deficiencies. Dkt. Nos. 11, 16, 20.

The Court dismissed plaintiff's Second Amended Complaint on October 4, 2022, providing plaintiff the opportunity to file a "**simple, concise, and direct**" Third Amended Complaint (TAC) identifying each claim in a separate paragraph, each SVSP defendant and the actions they took or failed to take, the injury resulting from each claim, and how he exhausted administrative remedies as to each claim against each SVSP defendant. Dkt. No. 20 at 13. The Court also instructed plaintiff to include only appropriately joined claims, refrain from making conclusory allegations, refrain from making claims based solely on *respondeat superior* without

---

[1] ADA stands for the Americans with Disabilities Act of 1990.

being able to demonstrate supervisorial or municipal liability, refrain from making claims against San Luis Obispo County Jail defendants, refrain from making claims that would undermine his conviction, and refrain from naming Doe defendants without making specific allegations regarding them. *Id.* at 13-14.  The Court instructed plaintiff to use the civil rights complaint form and limit his complaint to 40 pages including exhibits.  *Id.* at 14-15.  The Court warned plaintiff that "**failure to file his TAC by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice**."  *Id.* at 15.

The deadline has passed, and plaintiff has not filed a TAC.  Instead, plaintiff filed a motion for appointment of counsel (Dkt. No. 23) and "Objection to Dismissal and Request for Disability Rights Advocate" (Dkt. No. 24).  In the latter, plaintiff states that he seeks access to his electronically stored information and a word processor in order to prove his innocence, and that he is being retaliated against for participating in a civil rights investigation.  Plaintiff's case cannot proceed without a TAC correcting the deficiencies identified in the Court's prior order.  The Court therefore DISMISSES this action without prejudice.  Because this dismissal is without prejudice, plaintiff may move to reopen the action.  Any such motion must be accompanied by a TAC that follows the Court's instructions set forth in Docket No. 20 and summarized above.  The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

Dated: November 28, 2022

TRINA L. THOMPSON
United States District Judge

2