1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    JESS D BRASUELL,                      Case No.  21-cv-05201-TLT

                    Plaintiff,
8
                                           ORDER VACATING JUDGMENT AND
9        v.                                REOPENING CASE, OF SERVICE,
                                           DENYING APPOINTMENT OF
10   M ASHLEY, et al.,                     COUNSEL

11                  Defendants.            Re: Dkt. No. 27

12

13

14        Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"), has filed a

15   pro se civil rights action in which he alleges a violation of his federal and constitutional rights by

16   SVSP prison officials.  The Court previously reviewed plaintiff's original, first amended, and

17   second amended complaints pursuant to 28 U.S.C. § 1915A and dismissed them with leave to

18   amend with various instructions to correct certain deficiencies.  Dkt. Nos. 11, 16, 20.

19        On November 29, 2022, the Court dismissed plaintiff's case and entered judgment for

20   defendants, without prejudice to plaintiff seeking to reopen the case by filing a motion to reopen

21   the action accompanied by a Third Amended Complaint following the instructions and correcting

22   the deficiencies identified in the Court's order at Docket No. 20.  Dkt. Nos. 25-26.  Plaintiff

23   subsequently filed a motion to appoint counsel, third amended complaint, and fourth amended

24   complaint.  Dkt. Nos. 27-29.  The Court hereby construes plaintiff's filing as a request to reopen

25   the case.  The Court will vacate the prior judgment, reopen the case, and order service of the Third

26   Amended Complaint (TAC) on defendants. Because the Court gave plaintiff leave only to file the

27   TAC and not the Fourth Amended Complaint, the Court will strike the Fourth Amended

28   Complaint.  The Court will also deny plaintiff's request for appointment of counsel.

*United States District Court*
*Northern District of California*

**DISCUSSION**

### A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.      Legal Claims

Plaintiff alleges that he has a disability for which he sought and was granted accommodations by the San Luis Obispo County Superior Court in the form of use of a laptop with a word processing function, as well as discovery in an electronic format, in connection with his criminal court proceedings. Dkt. No. 28 at 6-7. He names SVSP defendants Warden M. Atchley, Warden Trent Allen, Captain C.M. Pennesi, Interim Warden Lemmon, ADA Coordinator R. Mojica, Psychological Therapist Dr. Kane, Law Librarian E. Heffington, Counselor Pisano,

United States District Court
Northern District of California

1   Counselor Werner, and Does 1-10.  He alleges that defendants have violated his federal rights

2   under the Americans with Disabilities Act (ADA) by refusing to allow him the same

3   accommodation and have violated his constitutional rights by interfering with his ability to access

4   the courts.  Plaintiff also alleges that his mail has been interfered with, causing him to miss court

5   deadlines.  He seeks relief in the form of being allowed the use of the ADA accommodation of a

6   word processor in order to explain himself and effectively communicate, as well as to examine his

7   discovery in his other court proceedings.  Dkt. No. 28 at 3, 4, 5.  Plaintiff alleges that he spoke

8   with Warden Trent Allen, Captain Pennesi, Counselor Pisano, law librarian Heffington, and ADA

9   coordinator Mojica and about these issues and "nobody responds."  *Id.* at 3.  He also alleges that

10  librarian Heffington "refuses to abide by the Reasonable Accommodation Panel."  *Id.* at 12.

11          Liberally construed, plaintiff has stated a cognizable claim against defendant Warden

12  Atchley, in his official capacity,[1] for violating his rights under Title II of the ADA.

13  The elements of a cause of action under Title II of the ADA are that:

14          (1)      the plaintiff is an individual with a disability;

15          (2)      the plaintiff is otherwise qualified to participate in or receive the benefit of some

16  public entity's services, programs, or activities;

17          (3)      the plaintiff was either excluded from participation in or denied the benefits of the

18  public entity's services, programs, or activities, or was otherwise discriminated against by the

19  public entity; and

20          (4)      such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's

21  disability.

22          *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  Plaintiff's use of the section 1983

23  claim form does not preclude his clearly stated ADA claim.  *See O'Guinn v. Lovelock Corr. Ctr.*,

24  502 F.3d 1056, 1060 (9th Cir. 2007).  The remaining defendants are not appropriate defendants for

25  the ADA claim because "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State

26  official in her individual capacity to vindicate rights created by Title II of the ADA or section 504

27

28  _____

[1] The official-capacity claim against a state officer functions as a suit against the state.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

United States District Court
Northern District of California

1    of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

2           Liberally construed, plaintiff has also stated a cognizable section 1983 claim against

3    defendants Warden Trent Allen, Captain Pennesi, Counselor Pisano, law librarian Heffington, and

4    ADA coordinator Mojica for violating his right of access to the courts.  Prisoners have a

5    constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996).  To

6    establish a claim for any violation of the right of access to the courts, the prisoner must prove that

7    there was an inadequacy in the prison's legal access program that caused him an actual injury and

8    hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of

9    confinement.  *See id.* at 349-55.  Liberally construed, plaintiff has alleged that these defendants

10   hindered his access to the courts and that his legal efforts were impacted.

11          Plaintiff makes some additional allegations that do not appear to be related to the ADA or

12   access to courts claim, including that Captain Pennesi, Counselor Pisano, and Counselor Werner

13   informed him that there is no record of his having been attacked at Wasco State Prison and failed

14   to take seriously his concerns of being in danger.  Dkt. No. 28 at 4.  Plaintiff also alleges that Dr.

15   Kane, the psychotherapist at SVSP, subjected him to a "chilling effect" by telling him to stop

16   filing legal motions, sent another inmate to move into his cell as a blatant threat, and told him to

17   take responsibility for his actions.  *Id.* at 5.  He requests that he be "allowed to have therapy . . .

18   via Telemed" to see a different practitioner.  *Id.*  These claims are not appropriately part of the

19   same lawsuit.  Parties may be joined as defendants in one action only "if any right to relief is

20   asserted against them jointly, severally, or in the alternative with respect to or arising out of the

21   same transaction, occurrence, or series of transactions or occurrences; and any question of law or

22   fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Further, the

23   Court previously instructed plaintiff that the TAC should only contain claims arising out of the

24   same transaction, occurrence, or series of transactions or occurrences, and should have questions

25   of law or fact common to all defendants.  *See* Dkt. No. 20 at 13.

26          The Court also previously instructed plaintiff not to name any Doe defendants, "unless

27   plaintiff can set forth specific facts showing how each of these defendants actually and

28   proximately caused the deprivation of a federally protected right."  *Id.* at 14.  Defendants Does 1-

United States District Court
Northern District of California

1    10 will be dismissed, as plaintiff has not made any specific allegations regarding any Doe

2    defendants.

3        Because plaintiff has adequately addressed the deficiencies the Court identified in his

4    previous complaints, the Court VACATES the judgment and REOPENS the case.  The Court also

5    STRIKES plaintiff's Fourth Amended Complaint (Dkt. No. 29).

6        **C.    Plaintiff's Request for Appointment of Counsel**

7        Plaintiff requests appointment of counsel for the fifth time, based on his imprisonment, the

8    complex issues in the case, and his limited access to the law library and limited knowledge of the

9    law.  Dkt. No. 27 at 1.

10       "Generally, a person has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d

11   965, 970 (9th Cir. 2009).  "However, a court may under 'exceptional circumstances' appoint

12   counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Id.* (citing *Agyeman v.*

13   *Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v.*

14   *Agyeman*, 545 U.S. 1128 (2005)).  A finding of "exceptional circumstances" requires an

15   evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to

16   articulate his claims pro se in light of the complexity of the legal issues involved.  *See Agyeman*,

17   390 F.3d at 1103.  Both factors must be viewed together before reaching a decision on a request

18   for counsel under § 1915.  *See id.*

19       At this stage, the likelihood of plaintiff's success on the merits is low, and the legal issues

20   are not unduly complex.  Plaintiff's motion (Dkt. No. 27) is DENIED without prejudice to the

21   court's sua sponte appointment of counsel at a future date should the circumstances of this case

22   warrant such appointment.

23                                **CONCLUSION**

24       For the foregoing reasons, the Court orders as follows:

25       1.    The Clerk shall vacate the prior judgment and reopen the case.

26       2.    The Clerk shall strike plaintiff's Fourth Amended Complaint (Dkt. No. 29).

27       3.    Plaintiff's motion for appointment of counsel is denied.

28       4.    Plaintiff has stated a cognizable ADA claim against defendant Warden Atchley in

*United States District Court*
*Northern District of California*

1   his official capacity.

2       5.      Plaintiff has stated a cognizable section 1983 access-to-courts claim against

3   defendants Warden Trent Allen, Captain Pennesi, Counselor Pisano, law librarian Heffington, and

4   ADA coordinator Mojica.

5       6.      Defendants Interim Warden Lemmon, Psychological Therapist Dr. Kane,

6   Counselor Werner, and Does 1-10 are DISMISSED.

7       7.      The Court ORDERS that service on the following defendants shall proceed under

8   the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for

9   civil rights cases from prisoners in the CDCR's custody:

10          a.      Warden M. Atchley in his official capacity

11          b.      Warden Trent Allen

12          c.      Captain Pennesi

13          d.      Counselor Pisano

14          e.      Law librarian Heffington

15          f.      ADA coordinator Mojica

16      In accordance with the program, the Clerk is directed to serve on the CDCR via email the

17  following documents: the operative complaint (ECF. No. 28), this Order of Service, a CDCR

18  Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order

19  on the plaintiff.

20      No later than 40 days after service of this order via email on the CDCR, the CDCR shall

21  provide the court a completed CDCR Report of E-Service Waiver advising the court which

22  defendant(s) listed in this order will be waiving service of process without the need for service by

23  the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

24  could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

25  Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

26  a waiver of service of process for the defendant(s) who are waiving service.

27      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

28  defendant who has not waived service according to the CDCR Report of E-Service Waiver a

United States District Court
Northern District of California

6

1    USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

2    of this order, the summons and the operative complaint for service upon each defendant who has

3    not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

4    Service Waiver.

5          2.        Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

6    requires defendants to cooperate in saving unnecessary costs of service of the summons and

7    complaint.  If service is waived, this action will proceed as if defendants had been served on the

8    date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be

9    required to serve and file an answer before **sixty (60) days** from the date on which the CDCR

10   provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's

11   Office.  (This allows a longer time to respond than would be required if formal service of

12   summons is necessary.)  If defendants have not waived service and have instead been served by

13   the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being

14   served with the summons and complaint.

15         6.        Defendants shall answer the complaint in accordance with the Federal Rules of Civil

16   Procedure.  The following briefing schedule shall govern dispositive motions in this action:

17         a.        No later than **sixty (60) days** from the date their answer is due, defendants

18   shall file a motion for summary judgment or other dispositive motion. The motion must be

19   supported by adequate factual documentation, must conform in all respects to Federal Rule of

20   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

21   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice

22   so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to

23   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

24   in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss

25   for failure to exhaust available administrative remedies must be accompanied by a similar notice.

26   However, the Court notes that under the law of the circuit, in the rare event that a failure to

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

b.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed.

c.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

United States District Court
Northern District of California

documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.  Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

e.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

8.     All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

10.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 27.

**IT IS SO ORDERED.**

Dated: May 19, 2023

TRINA L. THOMPSON
United States District Judge